1

2

3

4                           UNITED STATES  DISTRICT COURT

5                            Northern District of California

6

7    THE BOARD OF TRUSTEES, in their              No. C 12-1047 MEJ
     capacities as Trustees of the LABORERS
8    HEALTH AND WELFARE TRUST FUND               **ORDER VACATING CMC**
     FOR NORTHERN CALIFORNIA;
9    LABORERS VACATION-HOLIDAY TRUST             **ORDER RE: DEFAULT JUDGMENT**
     FUND FOR NORTHERN CALIFORNIA;               **MOTION**
10   LABORERS PENSION TRUST FUND FOR
     NORTHERN CALIFORNIA; and
11   LABORERS TRAINING AND RETRAINING
     TRUST FUND FOR NORTHERN
12   CALIFORNIA,

13                           Plaintiffs,
     v.
14
     PROTECH SERVICES, INC., a California
15   corporation, individually and doing business as
     PROTECH GENERAL CONTRACTING
16   SERVICES

17                           Defendant.
     _____/
18

19          The Court is in receipt of Plaintiffs' Case Management Conference Statement, filed June 6,

20   2013.  Dkt. No. 20.  Upon review of Plaintiffs' statement, the Court VACATES the June 13, 2013

21   Case Management Conference.  Plaintiffs shall file a motion for default judgment by June 20, 2013,

22   and the Court shall conduct a hearing on July 25, 2013 at 10:00 a.m. in Courtroom B, 15th Floor, 450

23   Golden Gate Avenue, San Francisco, California.  All briefing shall be in compliance with Civil Local

24   Rule 7.  Plaintiffs are advised that the Court prefers that all default judgment motions be structured as

25   outlined in Attachment A below.

26          If no opposition is filed, Plaintiffs shall file proposed findings of fact and conclusions of law

27   by July 11, 2013.  Plaintiffs' proposed findings shall be structured as outlined in Attachment A below

28   and shall include all relevant legal authority and analysis necessary to establish the case.  In addition

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

to filing, the proposed findings must be emailed to mejpo@cand.uscourts.gov.  The Court strongly prefers that proposed findings be emailed in WordPerfect format whenever possible, although Word format is also acceptable.  No chambers copies need to be submitted.

Plaintiffs shall serve this Order upon all other parties in this action.  Please contact the courtroom deputy, Rose Maher, at (415) 522-4708 with any questions.

**IT IS SO ORDERED.**

Dated: June 7, 2013

_____
Maria-Elena James
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

2

# ATTACHMENT A

\* \* \*

## I.  INTRODUCTION

(Relief sought and disposition.)

## II.  BACKGROUND

(The pertinent factual and procedural background, including citations to the Complaint and record.)

## III.  DISCUSSION

**A.      Jurisdiction and Service of Process**

(Include the following standard.)

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

1.      Subject Matter Jurisdiction

(Establish the basis for the Court's subject matter jurisdiction, including citations to relevant case law and United States Code provisions.)

2.      Personal Jurisdiction

(Establish the basis for the Court's personal jurisdiction, including citations to relevant legal authority.  If seeking default judgment against any out-of-state defendants, this shall include a minimum contacts analysis under *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

3.      Service of Process

(Establish the adequacy of the service of process on the party against whom default is requested, including relevant provisions of Federal Rule of Civil Procedure 4.)

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    **B.**      **Legal Standard**

2    (Include the following standard)

3          Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to

4    enter default judgment in a case. "The district court's decision whether to enter default judgment is a

5    discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether

6    default judgment is appropriate, the Ninth Circuit has enumerated the following factors for the court

7    to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive

8    claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the

9    possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and

10   (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the

11   merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where a default judgment is

12   granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a

13   "default judgment must not differ in kind from, or exceed in amount, what is demanded in the

14   pleadings." Upon entry of default, all factual allegations within the complaint are accepted as true,

15   except those allegations relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826

16   F.2d 915, 917-18 (9th Cir. 1987).

17   **C.**      **Application to the Case at Bar**

18   (A breakdown of each individual factor in *Eitel*, separated by numbered headings. Factors 2 (merits

19   of substantive claims) and 3 (sufficiency of complaint) may be listed under one heading. Plaintiff

20   shall include citations to cases that are factually similar, preferably within the Ninth Circuit.)

21   **D.**      **Relief Sought**

22   (An analysis of any relief sought, including damages, attorneys' fees, etc., with citations to relevant

23   legal authority. If attorneys' fees and costs are sought, the proposed findings shall include the

24   following: (1) Evidence supporting the request for hours worked, including a breakdown and

25   identification of the subject matter of each person's time expenditures, accompanied by actual billing

26   records and/or time sheets; (2) Documentation justifying the requested billing rates, such as a

27   curriculum vitae or resume; (3) Evidence that the requested rates are in line with those prevailing in

28

the community, including rate determinations in other cases of similarly complex litigation, particularly those setting a rate for the plaintiff's attorney; and (4) Evidence that the requested hours are reasonable, including citations to other cases of similarly complex litigation (preferably from this District)).

## IV.  CONCLUSION

(Disposition, including any specific award amount(s) and judgment.)

* * *

UNITED STATES DISTRICT COURT
For the Northern District of California